# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MATTHEW ALAN GROAT,<br><br>    Defendant . | No. CR06-3014-MWB<br><br>**DETENTION ORDER** |

_____

      This matter came on for detention hearing before the undersigned. Assistant U.S. Attorney Forde Fairchild appeared on behalf of the plaintiff (the "Government"). The defendant Matthew Alan Groat appeared in person with his attorney, Robert Sikma. The Government offered the testimony of ATF Special Agent Dee Loper.

      The court must determine whether any condition or combination of conditions will reasonably assure Groat's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

      The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Groat as required and the safety of the community if the court finds there is probable cause to believe Groat committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. This presumption is subject to rebuttal by Groat. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk of flight and danger to the

community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988). A grand jury's indictment provides the probable cause required under 18 U.S.C. § 3142(e) to trigger the rebuttable presumption of risk of flight and danger to the community. *See United States v. Garcia*, 801 F. Supp. 258 (S.D. Iowa 1992) (citations omitted).

In the present case, the evidence indicates Groat has been involved in several incidents involving vehicular flights from pursuing law enforcement officers. Further, during his four years of adulthood, he has had numerous encounters with law enforcement resulting in over a dozen misdemeanor convictions. He has demonstrated an ongoing inability to comply with the law, with orders of the court, and with conditions of bond and probation.

In addition, Groat has failed to offer any evidence to rebut the presumption that he would be a risk of flight and a danger to the community. The presumption arises from the charge itself. *See, e.g., United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985). Viewing the record as a whole, the court finds nothing to indicate Groat would be able to refrain from continuing to engage in criminal activities if he were released. The court further finds that although Groat has significant ties to the community, his behavior in attempting to elude police on several occasions indicates he is a flight risk.

Accordingly, the court finds the Government has proved by a preponderance of the evidence that Groat is a flight risk, and has proved by clear and convincing evidence that Groat would be a danger to the community if released. Therefore, the court finds the following:

1. Groat is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Groat reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Groat to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

   (a) Attach a copy of the release/detention order to the appeal;

   (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Groat must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 26th day of April, 2006.

_____
PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT